UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE DENNY IYC 16-04-0008, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:16-cv-02923-LJM-TAB ) |
| STAN KNIGHT, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Tyrone Denny for a writ of habeas corpus challenges a prison disciplinary proceeding, IYC 16-04-0008, in which he was found guilty of unauthorized possession of personal information. For the reasons explained in this entry, Mr. Denny's habeas petition must be **denied.**

### I. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On March 25, 2016, Investigator P. Prulhiere, wrote a conduct report charging Mr. Denny with offense B-247 Unauthorized Possession of Personal Information. Dkt. 12-1. The conduct report states:

> Use of a Global Tel Link phone pin number or a J-pay password by another offender who is not the owner of the pin number or password, is considered unauthorized possession or use of property of value belonging to another offender. Any offender who provides their Global Tel Link phone pin number or J-Pay password information to another offender, or allows another offender to use those assets under his user credentials, is in violation and is considered to be aiding in unauthorized possession of property of value belonging to another offender. Failure by the owner to protect the security of their credentials is not a defense in conduct violations. The below information shows a detected violation of these standards and lists the system affected, the area, date and time of the detection as well as the asset owner and unauthorized user information:
>
> System used in violation: Global Tel Link
> Date of offense: March 18, 2016
> Date of Discovery: March 25, 2016
> Time of Offense: approx. 4:28 pm
> Name and DOC of Offender who used unauthorized PIN or Password: Tyrone Denny 160500
> Account Name/Account Number or Phone Number: 317-970-1199
> Area of Offense: K2 Rec Room, phone IHUK-2
> Owning Offender Name and DOC: Rodney Berry 978745

Dkt. 12-1.

The conduct report also noted that "[v]erifications of the identity of the violators for this charge is provided in the evidence listed below: … Photo of Offender using phone at the noted time on the recorded phone call (confidential)." Dkt. 12-1; Dkt. 13 (under seal). This conduct report was written as a result of a confidential internal affairs investigation. Dkt. 13-1 (under seal).

On April 6, 2016, Mr. Denny was notified of the charge of possession or solicitation of unauthorized personal information, and was served with a copy of the conduct report and the

screening report. Mr. Denny was notified of his rights and pleaded not guilty. Dkt. 12-2. He requested a lay advocate and a lay advocate was later appointed. Dkt. 12-3. Mr. Denny did not request any witnesses. As physical evidence, he requested the Internal Affairs ("IA") case file, which was reviewed by the disciplinary hearing officer ("DHO"). Dkt. 12-4.

On April 8, 2016, a disciplinary hearing was held in case IYC 16-04-008. Dkt. 12-4. Mr. Denny provided the following statement: "I checked on Berry's stuff. He asked me too [sic]. But these other two write-ups are bogus. The only reason he wrote me up, is because three of us share the same number." *Id.* The DHO found Mr. Denny guilty of (B-247) possession or solicitation of personal information. The DHO stated: "DHB considers all evidence to include offender statement, IA case file, and staff reports and finds DENNY #160500 guilty of a 247B." *Id.* Due to the seriousness, frequency, and nature of the offense, as well as the likelihood of the sanction having a corrective effect on the offender's future behavior, the DHO imposed the following sanctions: 30 days' lost phone/J-pay/commissary privileges; 90 days' disciplinary segregation; and 90 days' lost earned credit time. *Id.*

Mr. Denny's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Denny alleges that his due process rights were violated during the disciplinary proceeding. His claims are summarized as: (1) he was improperly written up on duplicate charges; (2) he was not given the opportunity to be present at the hearing to speak on his own behalf; (3) the decision-maker was not impartial; (4) he was not given a lay advocate; and (5) he was not given the opportunity to present documentary evidence. Dkt. 7.

**Claim 1**

Mr. Denny argues that IYC 16-04-008 was a duplicate of IYC 16-04-006 and IYC 16-04-007. The record shows, however, that the two other disciplinary charges were based on his unauthorized possession of personal information that occurred on two other dates, using information owned by two different offenders. Dkt. 2-1, pp. 6, 8. The three charges were not duplicative.

**Claims 2, 4, and 5**

Mr. Denny's claims that he was not allowed to appear and speak at the hearing, that he was not given a lay advocate, and he was not allowed to present evidence, are all contradicted by the record.

Mr. Denny did, in fact, make a statement at the hearing. Dkt. 12-4. In Mr. Denny's first appeal, he discussed the conversation that he had with the DHO at the hearing. Dkt. 12-5. He has shown no due process error in this regard.

Contrary to Mr. Denny's allegation, a lay advocate was assigned to the case. Dkt. 12-3. To the extent Mr. Denny argues that a law advocate did not, in fact, appear with him at the hearing, an offender does not have a due process right to a lay advocate in a disciplinary proceeding unless he is illiterate or unable to understand complex charges against him. *Wolff,* 418 U.S. at 570. Mr. Denny does not allege nor would the record support a finding that he is illiterate or did not understand the charge against him. His written statement at the hearing and his filings in this action demonstrate that he is literate and understood the charge. Mr. Denny "had no constitutional right to the assistance of any lay advocate, much less the lay advocate of his choice." *Doan v. Buss,* 82 Fed.Appx. 168, 172 (7th Cir. Oct. 31, 2003) (citing *Miller v.*

*Duckworth,* 963 F.2d 1002, 1004) (7th Cir. 1992)). There was no due process error in any alleged denial of a lay advocate.

With respect to presenting evidence, the DHO stated in his hearing report that he did consider the IA case file. Although the IA case file was confidential and not made available to Mr. Denny, the evidence was considered. This claim does not demonstrate a violation of due process.

**Claim 3**

Mr. Denny alleges that he was "never given the right to a fair hearing before an impartial decision-maker." Dkt. 7. Inmates are entitled to an impartial decision-maker. Mr. Denny, however, has alleged no facts that would render the DHO partial or biased. Simply alleging bias is not sufficient to support a due process violation. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* "[T]angential involvement with the underlying facts is not a problem," as far as bias in the disciplinary setting is concerned. *Wilson-El v. Finnan,* 281 Fed.Appx. 589, 591 (7th Cir. June 12, 2008). ). Accordingly, this claim is meritless.

**Summary**

The record shows that there was some evidence, consisting of the conduct report and IA file, to support the charge that Mr. Denny had possessed unauthorized personal information, a telephone number and/or pin number, from another offender, Rodney Berry, in violation of Indiana Department of Correction policy. Mr. Denny was given proper notice and had an

opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Denny's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Denny's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/31/2017

*[signature]*
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

TYRONE DENNY
160500
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only